IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RICARDO GONZALEZ AGURRE,

                              Petitioner,

            v.                                    CASE NO.  06-3217-RDR

DUKE TERRELL,

                              Respondent.


O R D E R

    Petitioner proceeds pro se on a petition for a writ of habeas
corpus under 28 U.S.C. § 2241, alleging error in the execution of
his federal sentence.  Having reviewed the record which includes
respondent's answer and return and petitioner's traverse, the court
denies the petition.

    Petitioner was convicted in the Eastern District of Michigan.
U.S. V. Agurre, Case No. 97-80363.  While on supervised release, he
was arrested on a drug conspiracy charge on May 7, 2004.  With that
charge pending, petitioner was sentenced on May 18, 2004, in the
1997 case to an 18 month sentence for violating the terms of his
supervised release.  Petitioner was subsequently convicted on the
drug conspiracy charge in Case No. 04-CR-80411, and sentenced on
January 31, 2005, to 65 months of incarceration.  The district court
ordered that sentence to be served concurrently with petitioner's 18
month sentence for the supervised release violation.  In this
action, petitioner seeks credit against his 65 month sentence for
the time he was in federal custody from his May 2004 arrest to his

January 2005 sentencing on the drug conspiracy charge.

To the extent respondents' answer and return characterizes petitioner's application as asking for the concurrent 65 month drug conspiracy sentence to commence upon petitioner's earlier sentencing in the supervised release violation case, petitioner clarifies and insists that he is not seeking an earlier start date for his drug conspiracy sentence.  Instead, petitioner argues the period between his drug conspiracy arrest on May 7, 2004, and his drug conspiracy sentencing on January 31, 2005 should be credited solely against the 65 month sentence imposed for that offense, with both the 18 month and 65 month sentences commencing upon the January 2005 sentencing date when the court ordered concurrent service of the two sentences. Accordingly, petitioner essentially seeks relief from the calculation of his sentence by the Bureau of Prisons (BOP) by challenging the commencement date of his aggregated concurrent sentence, as governed by 18 U.S.C. § 3585 and BOP Program Statement 5880.28.

Petitioner claims 18 U.S.C. § 3585(b) entitles him credit on his 65 month sentence from the date of his arrest through his sentencing on the drug conspiracy charge, and argues the mandatory language in § 3585(b) creates a liberty interest protected by the Due Process Clause to that credit.  Petitioner also claims he did everything he could to hasten the time from his drug conspiracy arrest to sentencing, and contends the Bureau of Prisons' calculation of the eight month period between his May 2004 arrest and his January 2005 sentencing on the drug conspiracy charge as credit only on petitioner's supervised release violation sentence

2

opens the door to prosecutorial abuse in delaying the judicial proceeding to effectively diminish or disallow concurrent service of petitioner's sentences.

The record fully demonstrates that BOP correctly calculated petitioner's aggregated concurrent sentences pursuant to BOP Program Statement 5880.28, whereby petitioner is serving an aggregated sentence of six years, one month, and thirteen days which began on May 18, 2004, the day the court imposed the 18 month supervised release violation sentence, with credit awarded for the ten days petitioner was confined after his arrest and before the imposition of that first sentence.

Notably, petitioner alleges no violation of applicable statutes or regulations in this calculation, and seeks to ignore the commencement of his supervised release violation sentence.  He argues the authorities governing the calculation of a prisoner's sentence improperly open the door for prosecutorial abuse to circumvent the sentencing court's intent for concurrent sentences by delaying the judicial process in order to diminish or defeat concurrent service of this sentences.  To remedy this perceived potential abuse, petitioner claims he should be granted credit for the time he was confined between his arrest on the drug conspiracy charge on May 7, 2004, and his sentencing for that offense on January 31, 2005.  The court disagrees.

Petitioner's understanding of the January 31, 2005, order for concurrent sentences is flawed.  Although petitioner argues the court intended petitioner to serve no more than 65 months on both sentences, courts have recognized that the term "concurrent" does

3

not mean that two sentences imposed at different times must have the same starting date. *See e.g.*, <u>Coloma v. Holder</u>, 445 F.3d 1282, 1284 (11th Cir. 2006).  In the context of rejecting a prisoner's claim for credit on a sentence ordered to be served concurrent with an earlier sentence, courts have determined that a federal prison sentence cannot be deemed to have commenced retroactively at a time prior to date of imposition, even if made concurrent with a previous sentence already being served. *See* <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980); <u>Demartino v. Thompson</u>, 116 F.3d 1489 (10th Cir. 1997)(unpublished) (quoting <u>Flores</u>).[1] *See also* 18 U.S.C. § 3585(b)(1)("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, as a result of the offense for which the sentence was imposed; ...*that has not been credited against another sentence.*")(emphasis added).

Petitioner's attempt to avoid this established case law against retroactive commencement of his second sentence, by arguing instead for a delayed commencement of his first sentence, is similarly unavailing.  There is no legal support for petitioner's contention that his supervised release violation sentence did not commence, or should not have commenced, on May 18, 2004.

Finding petitioner has not demonstrated any violation of his rights under the constitution or under federal law, the court concludes petitioner is entitled to no relief under 28 U.S.C. §

---

[1]This unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

2241.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED:  This 13th day of April 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge